UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE FAHLGREN,<br><br>Defendant. | Case No. 2:24-cr-0213-WBS<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 17) |

    The United States has filed a motion for a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure. (ECF No. 17.) Defendant Stephanie Fahlgren filed an amended opposition, and the government filed a reply. (ECF Nos. 20, 21.) A hearing on the motion was held on January 3, 2025, with Assistant United States Attorney R. Alex Càrdenas appearing for the government and Assistant Federal Defender Andrew Francisco appearing for Defendant. As discussed and ruled at the hearing, the Court **GRANTS** the motion for a protective order and the approved protective order will be separately filed.

    Before turning to the merits, the Court first addresses an issue in Defendant's filings. Defendant timely filed her opposition on December 26, 2024 (ECF No. 18). On December 27, 2024, Defendant subsequently filed a Notice of Filing Amended Response "to correct a clerical error in the formatting and language of Section II.A" in its

1  original opposition (ECF No. 19), and filed an amended opposition (ECF No. 20). The
2  Court notes that this amended opposition does not simply "correct a clerical error" as
3  stated in Defendant's notice of amendment, but deletes the following two sentences in
4  Defendant's argument: "The 'although not binding' signals to the court our
5  acknowledgment that this is an interim opinion that we're offering for its persuasive
6  value. The other opinion is binding but that should be obvious." *Compare* Def. Opp. at
7  3:10-12 (ECF No. 18), *with* Def. Am. Opp. at 3:7-9 (ECF No. 20). The Court is concerned
8  that Defendant's notice of amendment is not accurate and is misleading. The Court
9  warns defense counsel to ensure that counsel's statements in court filings are accurate.
10 Because the deleted language does not affect the Court's analysis of the motion, the
11 Court accepts and considers Defendant's amended opposition filed at ECF No. 20,
12 rather than Defendant's original opposition filed at ECF No. 18.
13       Turning to the merits, the government included its proposed protective order with
14 its motion (ECF No. 17-1). Defendant agrees with almost the entire proposed protective
15 order and her opposition to the proposed protective order was limited to two narrow
16 issues, which were further clarified at the hearing: (1) ¶ 20 regarding the return of
17 Protected Materials to ensure that "final disposition of the case" included post-conviction
18 proceedings; and (2) ¶ 23 regarding violations of the protective order. Defendant
19 otherwise agrees with the government's proposed protective order.[1]
20       As to ¶ 20, the Court agrees with the government that ¶ 20 as originally proposed
21 already encompasses post-conviction proceedings. At the hearing, Defendant proposed
22 modifying ¶ 20 to add "post-conviction proceedings." The government did not object to

---

[1] The Court notes that this proposed protective order includes the same language at issue in ¶¶ 20 and 23 as a *Stipulated* Protective Order (¶¶ 24 and 27) that was filed on December 13, 2024, but subsequently withdrawn based on defense counsel's retraction of its agreement (ECF Nos. 12, 13). The Court further notes that at the December 16, 2024 Status Conference before District Judge William Shubb, defense counsel "further informs the Court of the parties' forthcoming stipulated protective order" (ECF No. 14). This did not occur as ultimately the government filed the instant motion for a protective order just a few days later.

this limited modification, though noting and reserving its argument that it continued to disagree with Defendant's argument and rationale for objecting to ¶ 20. Based on the government's agreement to this narrow modification, the Court therefore modifies ¶ 20 to add "post-conviction proceedings and" as indicated by the underlined language that follows:

> Modified ¶ 20. Upon final disposition of the case, including <u>post-conviction proceedings and</u> exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the United States, or certify in writing that the Protected Materials have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

As stated at the hearing, the Court reiterates that this modification is <u>not</u> made based on the arguments and rationale presented by Defendant in her amended opposition as to ¶ 20, which the Court rejects.

As to ¶ 23, Defendant's objections are based on concerns that this paragraph "does not distinguish between willful misconduct and inadvertent disclosures" (Def. Am. Opp. at 3). Because ¶ 23 already explicitly refers to "willful" violations, Defendant's objection fails and the Court rejects it.

## CONCLUSION

For the reasons provided at the hearing and as provided above, the Court **GRANTS** the United States' motion for a protective order with the minor modification to ¶ 20 identified above. The approved protective order will be separately filed.

Dated:  January 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE